CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
for Hearg
MAY 18 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

RONNIE T. SHELTON, )
                                        )   Civil Action No. 5:05CV00060
  Plaintiff, )
                                        )
v. )   **MEMORANDUM OPINION**
                                        )
JO ANNE B. BARNHART, )
Commissioner of Social Security, )   By:   Honorable Glen E. Conrad
                                        )        United States District Judge
  Defendant. )

The plaintiff, Ronnie T. Shelton, filed this action seeking review of the final decision of the Commissioner of Social Security dismissing plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416 and 423. Jurisdiction is asserted under 42 U.S.C. § 405(g). The Commissioner has filed a Motion to Dismiss, arguing that this court lacks subject matter jurisdiction because there has been no "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

The record reveals that Ronnie T. Shelton filed applications for disability insurance benefits and supplemental security income benefits on July 3, 1990. His claims were denied upon initial consideration and reconsideration. Mr. Shelton did not request a <u>de novo</u> hearing and review before an Administrative Law Judge. Instead, plaintiff filed a second application for a period of disability and disability insurance benefits on June 25, 2001. This claim was denied upon initial consideration. Mr. Shelton did not seek further administrative review.

On February 6, 2004, plaintiff filed a third application for a period of disability and disability insurance benefits. His new application was denied upon initial consideration and reconsideration, based on the fact that plaintiff's eligibility for entitlement had been thoroughly adjudicated by virtue of his first application. Mr. Shelton then requested a hearing before an Administrative Law Judge. By

order entered March 25, 2005, an Administrative Law Judge dismissed Mr. Shelton's request for a hearing, finding that the doctrine of administrative res judicata barred further consideration of plaintiff's claim for a period of disability and disability insurance benefits. The Law Judge noted that plaintiff's insured status expired on December 31, 1989.[1] Thus, the Law Judge ruled that the issue of plaintiff's entitlement to a period of disability beginning during the time in which he still enjoyed insured status had been thoroughly and finally adjudicated in connection with his first application and denial of benefits effected on March 25, 1991. The Law Judge also ruled that there was no "good cause" to justify reopening the original application for benefits. Mr. Shelton appealed the Law Judge's order of dismissal to the Social Security Administration's Appeals Council. However, by notice issued on July 15, 2005, the Appeals Council rejected plaintiff's challenge to the dismissal order.

Mr. Shelton filed his complaint in this court on November 17, 2005. As previously noted, the Commissioner has filed a Motion to Dismiss. Citing Califano v. Sanders, 430 U.S. 99 (1977), the Commissioner argues that the court is without subject matter jurisdiction.

Based on the history of this case as outlined above, the court is constrained to conclude that the Commissioner's Motion to Dismiss is well taken. It is clear that the Administrative Law Judge denied plaintiff's more recent request for a hearing on the ground of administrative res judicata. See 20 C.F.R. § 404.957(c)(1). Califano v. Sanders, supra, stands for the proposition that, upon dismissal of a request for review, or dismissal of a motion to reopen, on the basis of res judicata, 42 U.S.C. § 405(g) does not confer subject matter jurisdiction, absent a constitutional challenge. Inasmuch as 42 U.S.C. § 405(g) provides the only possible basis for jurisdiction of the court in this case, Califano v. Sanders, supra, and

---

[1] In order to establish entitlement to a period of disability and disability insurance benefits, a claimant must establish disability onset during the period of time in which the claimant still enjoyed insured status. See 42 U.S.C. §§ 414 and 423.

2

since the prerequisites for subject matter jurisdiction under 42 U.S.C. § 405(g) are not present, the action must be dismissed.

In reaching this conclusion, the Court has undertaken the analysis prescribed by the decision of the United States Court of Appeals for the Fourth Circuit in <u>McGowen v. Harris</u>, 666 F.2d 60 (4th Cir. 1981). While it is true that Mr. Shelton presented new evidence in connection with his later applications for benefits, the court agrees that most of the new evidence is either cumulative or not related to the period of time during which plaintiff still enjoyed insured status. Inasmuch as there was sufficient cause for the Commissioner to conclude that the new application constituted the same claim as that filed earlier, the application of administrative <u>res judicata</u> was legally correct.

On appeal to this court, plaintiff argues that his first application should be reopened because it is not clear that the appropriate evaluation was made as to the severity of his emotional problems, and because it does not appear that a consultative psychiatric evaluation was performed. However, as explained above, under <u>Califano v. Sanders,</u> <u>supra,</u> the court is without jurisdiction to consider the merits of these arguments. Mr. Shelton did not exhaust his administrative remedies in connection with his first application. Had he done so, he would have been in a position to file a civil action in this court so as to address the alleged deficiencies in the administrative proceedings. Having failed to do so, plaintiff may not now invoke the jurisdictional provisions of 42 U.S.C. § 405(g). If a claimant was allowed to obtain judicial review in circumstances such as this, there could never be finality in the administrative process. The Commissioner's Motion to Dismiss is well taken.

At the time of oral argument in this case, plaintiff's attorney raised a second issue which is worthy of greater concern. In asserting subject matter jurisdiction, Mr. Shelton now relies on the <u>Sanders</u> exception for protection of constitutional rights. In <u>Shrader v. Harris</u>, 631 F.2d 297 (4th Cir.

3

1980), the United States Court of Appeals for the Fourth Circuit considered this narrow exception involving a constitutional challenge which was recognized in <u>Sanders</u>. The Fourth Circuit held in <u>Shrader</u> that a mentally incompetent plaintiff who is without sufficient capacity to understand the need to appeal an earlier administrative decision might overcome the Commissioner's assertion of administrative finality, based on deprivation of a property interest without due process. 631 F.2d at 303.

As the record now stands, the court does not believe that Mr. Shelton can avail himself of this narrow exception. Based on plaintiff's assertions to this court regarding his mental incompetence at the time of the decision on his first application, the court directed the Commissioner to file a transcript of the administrative proceedings. Having reviewed that record, the court concludes that Mr. Shelton has neither presented a <u>prima facie</u> case of mental incompetence as of the date of denial of his first application, nor did he fairly raise this issue of incompetence in the proceedings before the Administrative Law Judge. While Mr. Shelton clearly alleges that he has been disabled as a result of post-traumatic stress disorder since at least 1989, he does not allege that he was unable to understand the need to file an appeal from the denial of his claim on reconsideration, nor does the medical record suggest that this was the case. Indeed, it is essentially undisputed that Mr. Shelton, who was then proceeding <u>pro se</u>, understood the need to request a reconsideration upon the denial of his claim on initial consideration.

In <u>Shrader v. Harris</u>, <u>supra</u>, the Fourth Circuit commented as follows:

Our opinion applies solely to claimants afflicted by mental illness whose initial claims, presented pro se, were denied ex parte. The claimants must present prima facie evidence of incompetency. The opinion does not require the Secretary to make initial inquiry about the mental incompetency of each applicant, nor does it require the Secretary to provide counsel to mentally ill claimants. [citations omitted].

4

631 F.2d at 302. In the instant case, there was absolutely no evidence or claim before the Administrative Law Judge which would have permitted a finding of mental incompetence in 1989 or 1990. Accordingly, the court concludes that it is without jurisdiction to review the denial of plaintiff's most recent claim, or his request to reopen the earlier claim, under 42 U.S.C. § 405(g). Califano v. Sanders, supra.

For the reasons stated, the court concludes that this case must be dismissed for want of subject matter jurisdiction. The court's opinion, however, should not be taken to suggest that Mr. Shelton is without recourse if he was, indeed, incompetent to understand the appellate process at the time his first application was denied. It is the court's understanding of the law that plaintiff may now file a new application, and assert his mental incompetence as of 1990 in an effort to overcome the Commissioner's reliance on administrative res judicata. Should he make out a prima facie case, Mr. Shelton would be entitled to a hearing, and an appropriate adjudication of these limited factual issues. The instant case, however, must be dismissed. An appropriate order will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

ENTER: This 17th day of May, 2006.

United States District Judge