CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
F/R HARRISONBURG
JUN 0 2 2006
JOHN F. CORCORAN, CLERK
BY: Feny Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| RONNIE T. SHELTON, | ) |
| Plaintiff, | ) Civil Action No. 5:05CV00060 |
| v. | ) **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) By: Honorable Glen E. Conrad United States District Judge |
| Defendant. | ) |

By Memorandum Opinion and Order entered on May 17, 2006, the court granted the motion of the Commissioner of Social Security to dismiss this case for want of subject matter jurisdiction. Plaintiff had filed an action challenging the denial of his claim for disability insurance benefits and his motion to reopen an earlier application for such benefits. Noting that plaintiff's insured status had expired on December 31, 1989, several months before he first filed application for benefits, the court concluded that the Commissioner had properly invoked the doctrine of administrative res judicata in denying plaintiff's request for a hearing in connection with his third and most recent application. See Califano v. Sanders, 430 U.S. 99 (1977). The court further concluded that it was without jurisdiction to consider plaintiff's motion to reopen the earlier application under 42 U.S.C. § 405(g). Finally, the court ruled that plaintiff was unable to avail himself of the very narrow exception to the administrative finality doctrine which was first recognized in Califano v. Sanders, supra, and applied by the United States Court of Appeals for the Fourth Circuit in Shrader v. Harris, 631 F.2d 297 (4th Cir. 1980).[1] The

---

[1] The Fourth Circuit held in Shrader that a mentally incompetent plaintiff who is without sufficient capacity to understand the need to appeal an earlier administrative decision might overcome the Commissioner's assertion of administrative finality, based on deprivation of a property interest without due process. 631 F.2d at 303.

court found that plaintiff had neither presented a prima facie case of mental incompetence as of the date of the denial of his first application nor raised this issue in the proceedings before the Administrative Law Judge.

In his motion for reconsideration, plaintiff takes issue with the court's finding and conclusion that he did not present a prima facie case of mental incompetence and that he did not properly raise the issue before the Administrative Law Judge. Plaintiff draws the court's attention to an "Addendum to Memorandum of Law in Support of Claimant's Request for Hearing by Administrative Law Judge," appearing at page 11 of the administrative transcript. However, the administrative record index indicates that this memorandum was submitted after the Law Judge denied plaintiff's request for a hearing. In any event, while plaintiff does cite to the Shrader v. Harris decision, plaintiff has never identified any evidence which would indicate that he was incapacitated and unable to understand the nature of the proceedings leading to the denial of his first application for social security benefits. He has not even submitted his own affidavit. Finally, as the court noted in its earlier Memorandum Opinion, the record indicates that plaintiff was sufficiently competent at that earlier time to file a Request for Reconsideration of the initial denial of benefits.

In short, the court remains convinced that plaintiff has failed to adequately present any viable claim as to his earlier mental incompetence to the Administrative Law Judge or to the Commissioner. It is not sufficient to merely cite a case without presenting evidence or identifying circumstances which would support the claim of mental incompetence at the time of the denial of the first application. If plaintiff believes that he his able to present new evidence which would establish incompetency during the period in 1990 when his first application was denied, his remedy at this point is to file a new application and present such evidence to the Commissioner in support of a motion to reopen the earlier application.

2

For the reasons stated above and in the court's Memorandum Opinion of May 17, 2006, plaintiff's motion for reconsideration shall be denied.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

ENTER: This ___1st___ day of June, 2006.

                                                        _____
                                                        United States District Judge